**MEIYUN LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5372–ag.

United States Court of Appeals, Second Circuit.

June 20, 2008.

**58**

Thomas V. Massucci, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KAZTMANN, Circuit Judges.

### SUMMARY ORDER

Meiyun Lin, a native and citizen of the People's Republic of China, seeks review of a November 2, 2007 order of the BIA affirming the January 12, 2006 decision of Immigration Judge ("IJ") George T. Chew, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meiyun Lin,* No. A98 717 812 (B.I.A. Nov. 2, 2007), *aff'g* No. A98 717 812 (Immig. Ct. N.Y. City Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S.*

*Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We find that the agency's finding that Lin failed to meet her burden of proof is amply supported by the record. We held in *Shi Liang Lin v. U.S. Dep't of Justice,* that an alien may establish eligibility for asylum by demonstrating past persecution based on his or her own "other resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such "resistance." 494 F.3d 296, 309–10, 313–14 (2d Cir.2007); *see also* 8 U.S.C. § 1101(a)(42). Here, the BIA found that even if Lin's actions could be considered "other resistence," Lin failed to show that her fear of persecution was objectively reasonable. To establish asylum eligibility based on a claimed fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000) (citing *INS v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). On the other hand, a fear is not objectively reasonable if it lacks "solid support" in the record or is merely "speculative". *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

Here, Lin did not testify that she had any interaction with family planning officials, and she is not married and has no children. Further, to the extent that Lin argues that her "family's family planning 'pedigree' will effect either the stringency or intensity of any future enforcement efforts," she offered no evidence in support of this contention. Accordingly, Lin's claims may properly be considered "speculative," and thus insufficient to establish an objective fear of persecution. Because the petitioner was unable to show the objective likelihood of persecution needed to make out an asylum claim, the petitioner was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.